1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

11    DORENE CAMPOS,                    )        NO. CV 11-2405 AGR

12            Plaintiff,                )

13            v.                        )

14    MICHAEL J. ASTRUE,               )        MEMORANDUM OPINION AND
      Commissioner of Social Security,  )        ORDER
15                                      )

16            Defendant.                )

17                                      )

18          Dorene Campos filed this action on March 30, 2011.  Pursuant to 28 U.S.C.

19    § 636(c), the parties consented to proceed before the magistrate judge on April

20    12 and 18, 2011.  (Dkt. Nos. 7, 9.)  On March 15, 2012, the parties filed a Joint

21    Stipulation ("JS") that addressed the disputed issue.  The court has taken the

22    matter under submission without oral argument.

23          Having reviewed the entire file, the court affirms the decision of the

24    Commissioner.

25

26

27

28

1

**I.**

2

**PROCEDURAL BACKGROUND**

3           On April 11, 2003, Campos filed an application for supplemental security

4    income benefits, alleging an onset date of July 1, 2000.  Administrative Record

5    ("AR") 73-76.  The application was denied.  AR 38-41.  On December 8, 2004, an

6    Administrative Law Judge ("ALJ") conducted a hearing at which Campos and  a

7    vocational expert ("VE") testified.  AR 329-48.  On May 23, 2005, the ALJ issued

8    a decision denying benefits.  AR 32-37.  On March 3, 2006, the Appeals Council

9    issued an order vacating the ALJ's decision and remanding the matter for further

10   review.  AR 69-72.

11          On September 21, 2006, a second ALJ conducted a hearing, at which

12   Campos and a VE testified.  AR 349-69.  On October 3, 2006, the ALJ issued a

13   decision denying benefits.  AR 14-22.  On February 23, 2007, the Appeals

14   Council denied the request for review.  AR 5-7.

15          On April 4, 2007, Campos filed a complaint in this court.  On April 15, 2008,

16   this court issued a remand order.  AR 402-09.  On May 27, 2008, pursuant to the

17   remand order, the Appeals Council vacated the ALJ's decision and remanded the

18   case for further proceedings consistent with this court's order.  AR 401.

19          On September 10, 2009, the ALJ conducted a hearing at which Campos

20   and a VE testified.  AR 556-73.  On November 13, 2009, the ALJ issued a

21   decision denying benefits.  AR 380-94.  On January 24, 2011, the Appeals

22   Council denied the request for review.  AR 370-72.  This action followed.

23

**II.**

24

**STANDARD OF REVIEW**

25          Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's

26   decision to deny benefits.  The decision will be disturbed only if it is not

27   supported by substantial evidence, or if it is based upon the application of

28

1    improper legal standards.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995);

2    *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

3    "Substantial evidence" means "more than a mere scintilla but less than a

4    preponderance – it is such relevant evidence that a reasonable mind might

5    accept as adequate to support the conclusion."  *Moncada*, 60 F.3d at 523.  In

6    determining whether substantial evidence exists to support the Commissioner's

7    decision, the court examines the administrative record as a whole, considering

8    adverse as well as supporting evidence.  *Drouin*, 966 F.2d at 1257.  When the

9    evidence is susceptible to more than one rational interpretation, the court must

10   defer to the Commissioner's decision.  *Moncada*, 60 F.3d at 523.

**III.**

**DISCUSSION**

**A**.    **Disability**

A person qualifies as disabled, and thereby eligible for such benefits, "only

if his physical or mental impairment or impairments are of such severity that he is

not only unable to do his previous work but cannot, considering his age,

education, and work experience, engage in any other kind of substantial gainful

work which exists in the national economy."  *Barnhart v. Thomas*, 540 U.S. 20,

21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

**B.  The ALJ's Findings**

The ALJ found that Campos had the severe impairments of "obesity,

Hepatitis C, hypertension, diabetes, degenerative lumbar disc disease and

bilateral knee osteoarthritis."  AR 390.  Campos had the residual functional

capacity ("RFC") to perform light work except that she was limited to occasional

climbing, balancing, stooping, kneeling, crouching and crawling activities.[1]  *Id*.

Campos cannot perform any past relevant work.  AR 393.  However, based on

---

[1]  Light work involves lifting no more than 20 pounds at a time with frequent
lifting or carrying of objects weighing up to 10 pounds.  20 C.F.R. § 416.967(b).

1   the VE's testimony, the ALJ found there were a significant number of jobs in the

2   national economy that she could perform such as "inspector, marker, office

3   helper, assembler, order clerk and call out operator."  AR 393-94.

4      **C.   Compliance With The Court's Remand Order**

5     Campos asserts that the ALJ failed to comply with this court's remand

6   order.  Specifically, Campos argues that the "ALJ simply obliterated any mental

7   functioning limitation" in his decision.  JS 6.

8     The ALJ must comply with a district court's remand order.  *See Sullivan v.*

9   *Hudson*, 490 U.S. 877, 886, 109 S. Ct. 2248, 104 L. Ed. 2d 941 (1989)

10  ("Deviation from the [district] court's remand order in the subsequent

11  administrative proceedings is itself legal error."); *Holliday v. Astrue*, 2010 U.S.

12  Dist. LEXIS 29808, *8-*9 (C.D. Cal. 2010).  Failure to comply with a court's

13  remand order is subject to harmless error analysis.  *Blanquet v. Astrue*, 2011

14  U.S. Dist. LEXIS 6879, *12 (C.D. Cal. 2011); *see also McLeod v. Astrue*, 640

15  F.3d 881, 887–88 (9th Cir. 2011) (harmless error rule).

16    This court found that the ALJ erred in ignoring Dr. Hudson's psychiatric

17  report, ignoring Dr. Townsend's unrebutted finding that Campos was moderately

18  limited in her ability to respond appropriately to work pressures in a usual work

19  setting, and failing to include that limitation in the hypothetical to the VE.  AR 408.

20  The matter was remanded at step five of the sequential analysis "so the ALJ

21  may add the limitation that Campos was moderately limited in her ability to

22  respond appropriately to work pressures in a usual work setting in his

23  hypothetical to the VE."  AR 409.

24    On remand, the ALJ stated that the "sole reason for the remand was . . . for

25  me to address the findings of Drs. Hudson and Dr. Townsend, both of whom

26  found moderate limitations in [Campos] ability to respond appropriately to work

27  pressures in a usual work setting."  AR 387.  The ALJ obtained updated medical

28  records and rejected the moderate limitation found by Drs. Hudson and

1    Townsend.  AR 388-89.   The ALJ initially included only mild mental limitations

2    (including adapting to work place changes) in his hypothetical to the VE.  AR 568.

3    The VE identified both light and sedentary jobs that such an individual could

4    perform.  AR 569-70.  The ALJ asked whether "moderate mental limitations"

5    would preclude the ability to do entry level work or unskilled work, and the VE

6    expert responded that it would not prevent an individual from performing the light

7    or sedentary jobs he had identified previously.  AR 572-73.

8         Contrary to Campos' argument, even assuming the ALJ erred on remand in

9    rejecting a moderate limitation in the ability to respond appropriately to work

10   pressures in an usual work setting, "[r]eversal on account of error is not

11   automatic."  *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012).  "The burden

12   is on the party claiming error to demonstrate not only the error, but also that it

13   affected his 'substantial rights,' which is to say, not merely his procedural rights."

14   *Id*.  Among the case-specific factors to be considered is "'an estimation of the

15   likelihood that the result would have been different.'"  *Id.*  (citation omitted).

16        Campos has not shown prejudice.  Given the VE's testimony, the ALJ's

17   decision would not have been any different had he accepted the moderate mental

18   limitation.  In the form on which Dr. Townsend assessed moderate limitation in

19   Campos' ability to respond appropriately to work pressures in an usual work

20   setting, the term "moderate" was defined as follows: "There is moderate limitation

21   in this area but the individual is still able to function satisfactorily."  AR 310.  The

22   social security regulations do not equate moderate mental limitations with an

23   inability to perform gainful work activity.  20 C.F.R. § 416.920a(c)(4).  In the

24   absence of prejudice, Campos is not entitled to reversal.  *Ludwig*, 681 F.3d at

25   1055.

26        Campos argues that a moderate mental limitation affects the ability to work

27   up to one third of the work day.  However, the cases on which Campos relies do

28   not stand for that proposition as a matter of law.  In the Third Circuit case cited by

5

1   Campos, *Morales v. Apfel*, the court noted that the VE in that case defined

2   "moderately limited" to mean that the claimant was unable to perform the tasks up

3   to a third of the time.  225 F.3d 310, 314 n.4 (3d Cir. 2000).  By contrast, the form

4   Dr. Townsend used defined moderate to mean that the individual was still able to

5   function satisfactorily, and the VE in this case testified that such an individual

6   would be able to perform the jobs identified.  AR 310, 572-73.  In other words, the

7   VE in this case did not define the term "moderate" in the same way as the VE in

8   *Morales*.[2]  In this circuit, determination of prejudice is determined "'in light of the

9   circumstances of the case,'" as opposed to presumptions and generalizations.

10  *Ludwig*, 681 F.3d at 1054 (citation omitted).

## IV.

## ORDER

13         IT IS HEREBY ORDERED that the decision of the Commissioner is

14  affirmed.

15         IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this

16  Order and the Judgment herein on all parties or their counsel.

19  DATED: July 12, 2012

        _____
        ALICIA G. ROSENBERG
        United States Magistrate Judge

---

[2]  The VE in this case made clear that if "moderate" were defined to mean that the individual was unable to work up to one third of the work day, that hypothetical individual would not be able to sustain full-time, competitive work. AR 571-72.